**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMAZING SPACES, INC. | § | |
| | § | CIVIL ACTION NO. 4-08-CV-00629 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Honorable Lee H. Rosenthal |
| METRO MINI STORAGE AND | § | |
| LANDMARK INTEREST CORPORATION | § | |
| | § | |
| Defendants. | § | |
| | § | |

---

**DEFENDANT METRO MINI STORAGE'S ORIGINAL ANSWER,
AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

---

Defendant Metro Mini Storage, Inc. (hereinafter METRO MINI STORAGE)

responds to the complaint of Plaintiff Amazing Spaces, Inc. as follows:

1.  METRO MINI STORAGE states that this action purports to be brought

under the statutes and common law identified but expressly denies any liability

thereunder.

2.  METRO MINI STORAGE denies the allegations of paragraph 2.

3.  METRO MINI STORAGE admits that subject matter jurisdiction over

Plaintiffs' claims is conferred under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

Except as specifically admitted, the allegations in this paragraph are denied.

4.  METRO MINI STORAGE admits that venue and personal jurisdiction are

asserted under the statutes cited, but otherwise denies the allegations of paragraph 4.

5.     METRO MINI STORAGE does not have sufficient knowledge or information to admit or deny the allegations of paragraph 5 and, therefore, denies those allegations.

6.     METRO MINI STORAGE states that it is a Texas corporation with a mailing address of P.O. Box 1104, Cypress, Texas but otherwise denies the allegations of this paragraph 6.

7.     METRO MINI STORAGE does not have sufficient knowledge or information to admit or deny the allegations of paragraph 7 and, therefore, denies those allegations.

8.     METRO MINI STORAGE does not have sufficient knowledge or information to admit or deny the allegations of paragraph 8 and, therefore, denies those allegations.

9.     METRO MINI STORAGE denies the allegations of paragraph 9.

10.    METRO MINI STORAGE states that the photograph shown in the complaint below paragraph 10 purports to depict a building but otherwise denies the allegations of paragraph 10.

11.    METRO MINI STORAGE denies the allegations of paragraph 11.

12.    METRO MINI STORAGE does not have sufficient knowledge or information to admit or deny the allegations of paragraph 12 and, therefore, denies those allegations.

13.    METRO MINI STORAGE does not have sufficient knowledge or information to admit or deny the allegations of paragraph 13 and, therefore, denies those allegations..

14.    METRO MINI STORAGE denies that Amazing Spaces holds a valid U.S. service mark registration but does not have sufficient knowledge or information to admit or deny the remaining allegations of paragraph 14 and, therefore, denies those allegations.

15.    METRO MINI STORAGE denies that Amazing Spaces has a valid copyright in its architecture or designs of its storage facilities but does not have sufficient knowledge or information to admit or deny the remaining allegations of paragraph 15 and, therefore, denies those allegations.

16.    METRO MINI STORAGE denies the allegations of paragraph 16.

17.    METRO MINI STORAGE states that it supplies storage services and facilities, among other things, in the Houston metropolitan area but does not have sufficient knowledge or information to admit or deny the allegations of paragraph 17 and, therefore, denies those allegations.

18.    METRO MINI STORAGE denies the allegations of paragraph 18.

19.    METRO MINI STORAGE denies the allegations of paragraph 19.

20.    METRO MINI STORAGE denies the allegations of paragraph 20.

21.    METRO MINI STORAGE denies the allegations of paragraph 21.

22.    METRO MINI STORAGE denies the allegations of paragraph 22.

23.    METRO MINI STORAGE denies the allegations of paragraph 23.

24.    METRO MINI STORAGE denies the allegations of paragraph 24.

25.    METRO MINI STORAGE denies the allegations of paragraph 25.

26.    METRO MINI STORAGE denies the allegations of paragraph 26.

27.    METRO MINI STORAGE denies the allegations of paragraph 27.

28.      METRO MINI STORAGE repeats its responses to paragraphs 1 through 27 of this Answer as if set forth herein.

29.      METRO MINI STORAGE denies the allegations of paragraph 29.

30.      METRO MINI STORAGE denies the allegations of paragraph 30.

31.      METRO MINI STORAGE denies the allegations of paragraph 31.

32.      METRO MINI STORAGE denies the allegations of paragraph 32.

33.      METRO MINI STORAGE repeats its responses to paragraphs 1 through 32 of this Answer as if set forth herein.

34.      METRO MINI STORAGE denies the allegations of paragraph 34.

35.      METRO MINI STORAGE denies the allegations of paragraph 35.

36.      METRO MINI STORAGE denies the allegations of paragraph 36.

37.      METRO MINI STORAGE denies the allegations of paragraph 37.

38.      METRO MINI STORAGE denies the allegations of paragraph 38.

39.      METRO MINI STORAGE repeats its responses to paragraphs 1 through 38 of this Answer as if set forth herein.

40.      METRO MINI STORAGE denies the allegations of paragraph 40.

41.      METRO MINI STORAGE denies the allegations of paragraph 41.

42.      METRO MINI STORAGE denies the allegations of paragraph 42.

43.      METRO MINI STORAGE denies the allegations of paragraph 43.

44.      METRO MINI STORAGE denies the allegations of paragraph 44.

45.      METRO MINI STORAGE repeats its responses to paragraphs 1 through 44 of this Answer as if set forth herein.

46.      METRO MINI STORAGE denies the allegations of paragraph 46.

47. METRO MINI STORAGE denies the allegations of paragraph 47.

48. METRO MINI STORAGE denies the allegations of paragraph 48.

49. METRO MINI STORAGE denies the allegations of paragraph 49.

50. METRO MINI STORAGE denies the allegations of paragraph 50.

METRO MINI STORAGE denies all remaining allegations of the complaint not otherwise expressly responded to in this Answer. METRO MINI STORAGE denies that Plaintiffs are entitled to any relief in this action, either as prayed for in their Complaint or otherwise.

## AFFIRMATIVE DEFENSES

51. Defendant asserts that at all relevant times, their individual conduct was reasonable, performed in good faith and represents a fair use of the "Texas Star" under the law.

52. Plaintiffs lack standing to assert claims set forth in the Complaint.

53. Federal trademark registration for "Star in a Circle" No. 2,859,845 is invalid having been procured by fraud on the Trademark Office and not meeting the requirements of trademark under Federal law.

54. The copyrights asserted in this action are invalid or unenforceable as failing to meet the requirements for copyright protection.

55. On information and belief, Plaintiff via its officers and agents was aware of Defendant's use and the use of others of the "Texas Star" and all claims are barred by laches, acquiescence and estoppel.

56. Plaintiff's claims are barred in whole or in part under the doctrine of unclean hands.

6

57.     The trademark registration was obtained from the U.S. Patent and

Trademark Office by intentional misrepresentation of material facts.

58.     The symbol which is the subject of the asserted trademark is generic,

descriptive or misrepresentative and does not serve as a designation of source in violation

of 15 U.S.C. §1064(3).

## COUNTERCLAIMS

For its counterclaims under F.R.C.P. 7 and 8, Defendant brings the following

counterclaims against Plaintiff based on the presently available information:

## Jurisdiction and Venue

59.     This Court has jurisdiction over Defendant's counterclaims pursuant to 28

U.S.C. §§1331 (federal question), 1338(a) (trademarks) 1338(b) (unfair competition with

trademark), 1367 (supplemental jurisdiction) 2201 and 2202 (declaratory judgment; 15

U.S.C. § 1125(a) (false and misleading representations of fact); 16 U.S.C. § 1221

(original jurisdiction of federal courts) and common law unfair competition.

60.     This Court has supplementary jurisdiction over Defendant's state law

claims.

61.     Venue is proper in this district pursuant to 28 U.S.C. § 1392 because

Plaintiff filed suit in this jurisdiction and/or because all counterclaim defendant entity has

a principal office within this jurisdiction.

## The Parties

62.     Counterclaim plaintiff Metro Mini Storage is a Texas Corporation with its

primary place of business at 8415 Queenston Blvd, Houston, Texas 77095.

7

63.     Counterclaim Defendant Amazing Spaces, Inc. upon information and belief is a Texas corporation with a principal place of business in this district and has committed the acts complained of in this district.

## Factual Background

64.     METRO MINI STORAGE is a Texas based rental storage business located in Houston, Texas with several storage centers throughout the metropolitan Houston area.  It provides storage spaces and related services to customers under a written contract identifying Metro Mini Storage as the company with whom a customer is purchasing those services.  The office building present at each location identifies the business as Metro Mini Storage with a distinctive name and logo showing a key and building.

65.     In some of its storage centers, METRO MINI STORAGE uses a commonly known three dimensional depiction of a star sometimes referred to as the "Star of Texas" or "Texas Star" which comprises a five pointed raised star typically within a circle.  The Star of Texas is commonly used throughout Texas and Houston and is associated with numerous businesses in the metropolitan Houston area.  Indeed, the Texas Star is a well known symbol used throughout the United States as a representation of Texas or things associated with Texas.  Further, the Texas Star is used by the State of Texas and is commonly featured on the highways and freeways in and around Houston.  Upon information and belief, the Texas Star has also been used by other rental storage spaces before it was used by Plaintiff.

66.     Upon information and belief, the Star in a Circle now claimed by Plaintiff was not created by Plaintiff but was instead created by others.  .

8

67.     The design of the buildings used by METRO MINI STORAGE was the
original design of an architect hired by METRO MINI STORAGE and was not copied
from or in any fashion derived from design drawings used by Plaintiff.  The design of
METRO MINI STORAGE's buildings does not resemble any copyrightable features of
those claimed by Plaintiff, nor were they copied from any design of Plaintiff.  Further,
upon information and belief, the design of the buildings claimed by Plaintiff were not its
original design and were themselves copies or derivative works created by another.

68.     Plaintiff's assertion of trademarks and copyrights in the aforementioned
designs set forth in copyright registrations and trademark registration has caused and will
continue to cause METRO MINI STORAGE irreparable harm and damages.

69.     A controversy exists between Plaintiff and Defendant needing resolution
by this Court to prevent further harm and damage to Defendant.

## COUNT I
## CANCELLATION OF TRADEMARK

70.     Defendant hereby incorporates by reference and re-alleges the subject
matter in its responses to and averments of paragraphs 1-69.

71.     Defendant asks this Court to cancel U.S. Trademark No. 2,859,845, on the
ground that the star in a circle symbol is a well known generic symbol and as asserted has
been in use long before Plaintiff's use or Defendant's use of the "Texas Star."

72.     Defendant asks this Court to cancel U.S. Trademark No. 2,859,845 on the
ground that the application for trademark was filed in bad faith, was insufficient to
comply with the statutory requirements and automatically renders the registration void.

73.     Defendant asks this Court to cancel U.S. Trademark No. 2,859,845 on the
ground that the application was filed with a false representation that Plaintiff was the first

9

to use the star symbol with rental storage spaces, and that Plaintiff knew or should have known that such representation was false, that Plaintiff intended to induce approval of the application based on this representation, that the USPTO relied on this statement of first use to grant the trademark, and that Defendant is harmed by the grant of the trademark registration.

74.     Defendant asks that the Court to cancel U.S. Trademark No. 2,859,845 on the ground that Plaintiff was not the originator of the star symbol as used on rental storage spaces but that such symbol was used by others in commerce before any use by Plaintiff.

75.     Defendant asks the Court to cancel the mark on the ground that Plaintiff committed fraud before the Patent and Trademark Office by seeking registration of a mark it knew was not original to Plaintiff and that had been used by others prior to Plaintiff's use and does not serve as a source of origin for rental storage spaces to consumers of such services.

76.     Defendant asks the Court to cancel the mark on the ground that the Texas Star is a commonly used mark in Texas and to the extent Plaintiff seeks to assert its marks against such Texas Star symbols in Texas it is committing trademark misuse and obtained the mark by fraud by failing to disclose this information to the Trademark Office when seeking the registration.

## COUNT II
## DECLARATORY JUDGMENT OF NO INFRINGEMENT

77.     Defendant hereby incorporates by reference and re-alleges the subject matter in their responses and averments of paragraphs 1 -76.

10

78.     Defendant asks for a declaratory judgment that there is no likelihood of confusion among consumers of services for rental storage spaces between Amazing Spaces and Metro Mini Storage.

79.     By its original complaint, Plaintiff seeks to challenge the ability of metro Mini Storage to use a Texas Star on its buildings for rental storage spaces on the ground that there exists a likelihood of confusion between the two company's services or is in violation of a valid copyright to the design of the building.  The challenge reflects a clear threat to Defendant's business; a controversy exists between the parties that requires resolution by this Court.

**COUNT III**
**UNFAIR COMPETITION**

80.     Defendant hereby incorporates by reference and re-alleges the subject matter in their responses to and averments of paragraphs 1-79.

81.     Defendant brings this counterclaim against Plaintiff to stop the assertion of baseless and invalid trademarks and copyrights against Defendants in an attempt to disrupt and interfere with Defendant's business.  Plaintiff has through a scheme of fraudulent misrepresentation and improper use of the trademark and copyright process sought to obtain purported legal rights to assert in federal court and stop Defendant's lawful use of the Texas Star on its business and the design of its rental storage buildings.

82.     Plaintiff knew or should have known that the Texas Star is a well recognized symbol in Texas that is used throughout the State by businesses and the State of Texas to create an association with the State of Texas and with Texas history and its proud heritage as the Lone Star State.  Use of the Texas Star is ubiquitous in Texas and does not carry any source identifying characteristics sufficient to merit protection by

11

trademark law, nor does it carry any source identifying characteristics in the relevant market at issue here..

83.     Plaintiff has also attempted to claim copyright in subject matter and designs that it did not originate, which are common attributes of buildings and rental storage buildings in the United States and that have not been copied by Defendant. Further, upon information and belief, the designs of Plaintiff's building including the star symbol were not original to Plaintiff nor are they properly claimable by Plaintiff as its intellectual property.  Specifically, based on information and belief, the star symbol was created by a third party, had been used by others on similar buildings before Plaintiff throughout at least Texas and is not properly claimable by Plaintiff in this action.

84.     Plaintiff has misused its trademark by attempting to assert the star symbol as a three dimensional trademark which it did not properly apply for or obtain.  The symbol which is the subject of the trademark registration is a two tone 2 dimensional star in a circle and any assertion of trademark or copyright infringement by Plaintiff against three dimensional Texas Stars is misuse and constitutes unfair competition.

85.     Defendant has been damaged and will continue to be damaged by the actions of Plaintiff and Defendant is entitled to its damages.

## JURY DEMAND

86.     Defendant demands a trial by jury on all issues raised in Plaintiff's complaint and all issues raised in Defendant's counterclaims that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant METRO MINI STORAGE demands:

a.      That the complaint be dismissed with prejudice, this case be declared "exceptional under 15 U.S.C. § 1117(a), and Plaintiff be ordered to pay the Defendant's costs, charges, and disbursements, including a reasonable attorney's fee, incurred in the defense of this action;

b.      That U.S. Trademark Registration No. 2,859,845 and the star in a circle symbol for rental storage spaces be declared invalid, unenforceable, and/or forfeited under federal and common laws;

c.      That this Court cancel U.S. Trademark Registration No. 2,859,845;

d.      That this Court grant a preliminary injunction and permanent injunction enjoining Plaintiff, its officers, agents, employees, associates and confederates from further asserting, contending, claiming or alleging that any of the trademarks or copyrights identified in the Complaint have been or are now infringed by Defendant'

e.      For a judgment that there is no reasonable likelihood of confusion between Plaintiff's star symbol and Defendant's use of the Texas Star;

f.      For a judgment that Defendant's use of the Texas Star and its building do not infringe on any copyright owned or registered to Plaintiff and Plaintiff be ordered to pay Defendant's costs and attorneys fees under 17 U.S.C. § 505;

g.      Damages in favor of Defendant in an amount to be proved at trial

h.      Any such other and further relief as the Court deems proper.

Dated this 28th day of April 2008

> Respectfully submitted,
>
> **MASON & PETRUZZI**

13

/s/ James D. Petruzzi
James D. Petruzzi
Mason & Petruzzi
Texas Bar no. 15853280
4900 Woodway, Suite 745
Houston, Texas 77056
Tel: (713) 840-9993
Fax (713) 877-9100

Attorneys for Defendant Metro Mini Storage

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008 I electronically filed the foregoing DEFENDANT METRO MINI STORAGE'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS with the clerk of court for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court. The following attorneys of record for Defendant have consented in writing to accept notice as service of this document by electronic means and are being served by a "Notice of Electronic Filing" sent by the electronic case filing ("ECF") system:

Gregory M. Luck, P.C.
Duane Morris LLP
3200 Southwest Freeway, Suite 3150
Houston, Texas 77027-7532

Robert W. Ohnesorge
Thad K Jenks
Harrison, Bettis, Staff,
Mcfarland & Weems, L.L.P.
500 Dallas St., Suite 2600
Houston, Texas 77002

/s/James D. Petruzzi
James D. Petruzzi