~~~~ ~~ TXSD on 06/06/2008   Page 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

|  |  |  |
|---|---|---|
| AMAZING SPACES, INC., | § | |
| | § | |
| Plaintiff, | § | CASE NO. 4:08-cv-00629 |
| v. | § | |
| | § | |
| METRO MINI STORAGE AND | § | |
| LANDMARK INTEREST CORPORATION, | § | |
| | § | **JURY TRIAL DEMANDED** |
| Defendants. | § | |

### AGREED PROTECTIVE ORDER

WHEREAS, each of the parties to the above-captioned action (the "Action"), Plaintiff Amazing Spaces, Inc. ("Amazing Spaces"), and Defendants Metro Mini Storage ("Metro") and Landmark Interest Corporation ("Landmark"), may seek discovery, documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of one of the other parties to the Action or of a third-party;

WHEREAS, Plaintiff and Defendants wish to ensure that such confidential information shall be used only for the purposes of this Action and shall not be disclosed or used in any other way;

THEREFORE, the Parties have stipulated and agreed to the terms and jointly moved this Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for entry of the following Protective Order, and the Court having found that, in light of the nature of the competitively sensitive information that may be sought in discovery, good cause exists for the entry of the following Protective Order:

IT IS HEREBY ORDERED that the following Protective Order is hereby entered in this Action:

Case

1.     The following procedure shall govern the production of all materials (whether in hard copy or computer readable form) during discovery in this action, including but not limited to, answers to interrogatories, requests for admissions, all documents produced by parties or non-parties, responses to subpoenas *duces tecum*, deposition testimony, information contained therein, information provided during any settlement discussions, and all information and documents already provided in response to informal discovery requests ("Discovery Material").

2.     "Confidential Information" shall mean and include any Discovery Material, which contains non-public, confidential or proprietary information, whether personal or business-related.   Certain limited types of "Confidential Information" may be further designated, as defined and detailed below, as "Attorney's Eyes Only Information."   The "Attorney's Eyes Only" designation shall be reserved for the following categories: (a) the content of or strategy relating to pending patent applications or drafts of patent applications; (b) trade secrets, know-how or proprietary data, business, financial or commercial information, the disclosure of which may cause harm to the competitive position of the Designating Party; (c) information relating to unreleased products or products in development and advertising, promotional materials and campaigns in development and/or not yet publicly released or distributed; and (d) financial information.  Confidential Information and Attorney's Eyes Only Information shall be referred to collectively as "Protected Information."

3.     All such "Confidential" or "Attorney's Eyes Only" designations shall be made in good faith by the Designating Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party"), or at such other time as permitted by this Protective Order, provided that the inadvertent failure to so designate does not constitute a waiver of such claim, and a party may so designate Discovery Material after such inadvertent

failure, subject to the protections of this Protective Order. Designations of "Confidential" or "Attorney's Eyes Only" shall constitute a representation that such Discovery Material has been reviewed by an attorney for the Designating Party and that there is a valid and good faith basis for such designation, and that disclosure of such information to persons other than those permitted access to such material hereunder would cause competitive injury to the Designating Party or non-party.

4. The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs and tapes) other than depositions or other pre-trial testimony, as Protected Information shall be made by the Designating Party in the following manner:

(a) Documents designated "Confidential" shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or, in the case of computer medium, on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Confidential legend shall be placed near the Bates number.

(b) Documents designated "Attorney's Eyes Only" shall be so marked by conspicuously affixing the legend "ATTORNEY'S EYES ONLY" or "ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Attorney's Eyes Only Information (or, in the case of computer medium, on the

medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall be identified by Bates number. To the extent practical, the Attorney's Eyes Only legend shall be placed near the Bates number.

(c)   If a document has more than one designation, the more restrictive or higher confidentiality designation applies.

(d)   Only information or material that the Designating Party shall, in good faith, deem Protected Information shall be so designated. The attorneys of record for such Designating Party shall be deemed to have certified that such counsel believes that the designation has been made in good faith and that there are substantial grounds in law and fact to support the designation.

5.   Protected Information shall not include any Discovery Materials which:

(a)   have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this action, or in other litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party, may continue to use such documents in the course of its business subject to those agreements; or

(b)   have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

6.     Subject to paragraphs 7 and 8 of this Protective Order, "Qualified Persons" having access to Discovery Material designated "Attorney's Eyes Only Information" under this Protective Order, in this action are:

(a)     retained outside counsel for Plaintiff, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(b)     retained outside counsel for Defendants, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(c)     in-house counsel for Plaintiff, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(d)     in-house counsel for Defendants, and their stenographic, clerical and paralegal employees whose duties and responsibilities require access to such materials;

(e)     the Court or any other court having jurisdiction over discovery procedure in this action;

(f)     retained independent consultants and/or retained independent experts for Plaintiff or Defendants (as well as their staff and stenographic and clerical employees whose duties and responsibilities require access to such material(s)) who are employed to furnish expert or technical services in connection with discovery or preparation for trial of this action or to give expert testimony in connection with this action, who are not otherwise

affiliated in any way with either party and who have complied with the provisions in paragraph 8, including the completion of Exhibit A;

(g)     stenographic and video reporters engaged in proceedings incident to this action; and

(h)     outside document copying services, document coding or computerization services and/or litigation support services.   Notwithstanding any other provision of this protective order, access to Protected Information shall be permitted to such vendors, without need for the completion of Exhibit A. The outside counsel providing Protected Information to outside document copying services, document coding or computerization services and/or litigation support services shall be responsible for that service's compliance with the provisions of this Protective Order.

7.     Confidential Information may be disclosed to:

(a)     persons entitled to receive Attorney's Eyes Only Information pursuant to paragraph 6; and

(b)     two (2) party representatives assigned to and necessary to assist in the conduct of this action and who has complied with the provisions in paragraph 8 including the completion of Exhibit A.   If a party representative is (i) no longer employed by a party or (ii) is no longer responsible for the conduct of this action due to a change in job responsibilities or reorganization of a party, then that party may assign another person as its representative.

8.     Qualified Persons defined in paragraph 6(f) and 7(b) shall be allowed access to Protected Information only after complying with the following procedure:

(a)     Ten (10) days before receiving access to any Protected Information, the person shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.  In-house attorneys authorized to receive Confidential Information shall not be required to execute the acknowledgment form, but shall otherwise be bound by its terms.

(b)     The parties to this action shall be allowed to disclose Protected Information to such persons defined in paragraphs 6(f), and 7(b) unless, within ten (10) business days after Exhibit A (and in the case of experts, after a curriculum vitae of the retained person) has been provided to the Designating Party, the Designating Party objects to the disclosure of Protected Information to the particular person.  The Designating Party shall make such objections known by serving a Notice of Objection to the disclosure of any Protected Information, setting forth each objection and the basis for such.  The parties agree that they will only interpose good faith objections.  If, after a good faith effort to resolve the objections, the parties cannot do so, the material cannot be disclosed to the Requesting Party, except upon order of the Court.

(c)     If objection to disclosure is made within the ten (10) business days, the objecting party shall, no later than seven (7) business days after objection, petition the Court for an order prohibiting the disclosure at issue.  The objecting party shall have the burden of persuasion that disclosure should not be made.  If an objection is made, no Protected Information shall be made available to the Requesting Party until after the Court rules that disclosure can be made, so long as the objection is followed by a timely petition.

(d)     Outside counsel for each Receiving Party shall retain a copy of each such acknowledgment form (Exhibit A).

9.     Protected Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party solely for the purpose of this action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted by paragraphs 7-8 of this Protective Order.  However, nothing in this Order shall bar or otherwise restrict any trial counsel from rendering advice to his client with respect to this litigation and, in the course thereof, relying generally upon his examination of documents or information designated as Confidential Information or Attorney's Eyes Only Information provided, however, that in rendering such advice and in otherwise communicating with his clients, the trial counsel shall not disclose the content or the source of such information or documents contrary to the terms of this Order.  Confidential Information shall be maintained by the Receiving Party under the overall supervision of outside counsel, and Attorney's Eyes Only Information shall be maintained by outside counsel only.

10.    The Receiving Party may assert that such documents, information, and materials produced by the Designating Party contain or reflect the Receiving Party's own trade secrets and confidential and proprietary business and financial information.  The Designating Party shall then make all reasonable efforts to determine whether such documents, information, and materials contain or reflect the Receiving Party's trade secrets and confidential and proprietary business and financial information.

11.    Any person in possession of Protected Information shall exercise reasonably appropriate care with regard to the storage, custody or use of such information in order to ensure that the confidential or Attorney's Eyes Only nature of the same is maintained.

12.    If Protected Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Designating Party of the Protected Information and make every reasonable effort to retrieve such information and to prevent further disclosure.

13.    When Protected Information is discussed, quoted or referred to in any deposition, the disclosing party shall ensure that only persons permitted by paragraphs 6-8 of this Protective Order to have access to such Protected Information are present.  Nothing in this Protective Order shall limit or restrict any party's right to inquire about or show Protected Information to a deponent that is an officer, director, employee, or agent of the party or non-party that produced the Protected Information.  In any other deposition, the witness may be examined about or shown a document or thing containing designated Protected Information if the Protected Information reasonably pertains to the knowledge of the witness about which he or she is otherwise testifying, or if it appears from the face of the document that the witness authored or received a copy of it.

14.    The party using any information designated as Protected Information at depositions, during a hearing or the trial, or the like must request that the portion of the proceeding be maintained under seal in accordance with Paragraph 19 hereof, with access thereto limited to persons entitled to access under this Protective Order.  If any party intends to disclose Protected Information in open court, the disclosing party shall first reasonably inform the opposing party, so that such opposing party may request that the disclosure be made *in camera*.

15.    Nothing herein shall prevent disclosure if each party designating information as Confidential Information or Attorney's Eyes Only Information consents to such disclosure.  Nor shall anything herein prevent any counsel of record from utilizing Confidential Information or Attorney's Eyes Only Information in the examination of any person who is reasonably alleged to be the author or source of the Confidential Information or Attorney's Eyes Only Information. During the course of preparing for a deposition or testimony, a fact deponent/witness may be shown Protected Information from another party's documents strictly limited to those documents which, on their face, reveal that they were authored or received in the normal course of business by the deponent/witness provided that the deponent/witness has complied with the provisions in paragraph 7 including the completion of Exhibit A.  Use of Protected Information during a deposition shall be subject to compliance with this Order.

16.    Any deposition transcript containing Protected Information shall be marked on the cover, as appropriate, and shall indicate within the transcript what information has been so designated.  Whenever possible, the stenographic reporter shall be requested, prior to the deposition (where the attorneys have reason to believe the testimony will contain Protected Information) or when the Protected Information is disclosed (when not previously anticipated), to separate those portions of the transcript containing said Protected Information and separately

bind it from the non-confidential portions.  However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential Information or Attorney's Eyes Only Information by so advising, with reasonable precision as to the affected testimony, the deposition reporter, who shall, accordingly, indicate in the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated, or by so advising all other parties in writing, and with page and line designations, within thirty (30) days after receipt of the transcript.  Until thirty (30) days have passed after the receipt of any transcript, that entire transcript shall be deemed to be Attorney's Eyes Only Information.  In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated "Confidential" or "Attorney's Eyes Only," whichever protection is being sought, until this Court rules otherwise.

17.    If a party, through inadvertence, produces any Confidential Information or Attorney's Eyes Only Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this Order, the producing party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information or Attorney's Eyes Only Information and should be treated as such in accordance with the provisions of this Order.  The Receiving Party shall treat such documents and things as Confidential Information or Attorney's Eyes Only Information from the date such notice is received. Disclosure, prior to the receipt of such notice, of such Confidential Information or Attorney's Eyes Only Information to persons not authorized to receive Confidential Information or Attorney's Eyes Only Information shall not be deemed a violation of this Order.

18.    In the event the producing party elects to produce documents and things for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered

as marked "Attorney's Eyes Only." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents as may contain Protected Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Bound copies of multi-paged documents may be stamped on the cover page only.

19.     Protected Information (including portions of documents or transcripts) or any document, pleading or brief which discloses the substance or content of Protected Information used in connection with any motion, or written submission, hearing or trial in this action, shall be filed, under seal. To assist the Clerk, any document or object placed under seal, pursuant to this Order, shall be filed in the Clerk's Office in a sealed envelope or other appropriately sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, and the words "UNDER SEAL – SUBJECT TO PROTECTIVE ORDER – CONTAINS CONFIDENTIAL OR ATTORNEY'S EYES ONLY INFORMATION" and shall otherwise comply with the Court's Order on the subject. Any party that electronically files any Discovery Material that reflect, contain, or include any information or documents subject to this Protective Order shall take the necessary actions to ensure that the discovery materials are filed and kept by the Court under seal. Any Discovery Material or other information that a Designating party had designated "Confidential" or "Attorney's Eyes Only" and that such Designating party files with the Court not under seal shall no longer be deemed designated as either "Confidential" or "Attorney's Eyes Only" and therefore may be freely disclosed.

20.     Entering into, agreeing to and/or producing or receiving Protected Information or otherwise complying with the terms of this Protective Order shall not:

(a)     operate as an admission by any party that any Discovery Material designated as Protected Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law or this Protective Order;

(b)     prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission to any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Protected Information;

(c)     prejudice in any way the rights of any party to object to the authenticity or in evidence of any document, testimony or the evidence subject to this Protective Order;

(d)     prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Protected Information should be subject to the terms of the Protective Order;

(e)     prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Protected Information;

(f)     prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Protected Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

(g)     prevent any Designating Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Discovery Material designated as Protected Information by that party.

21.     The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Protected Information, to challenge or object to the Protected Information designation shall not be deemed a waiver of its right to challenge or object to the Protective Information designation at any later time.  Any party may, at any time, request permission to use or disclose information with Confidential or Attorney's Eyes Only designations other than as permitted, pursuant to this paragraph, by serving (by facsimile transmission) a written request upon counsel for the Designating Party at least ten (10) business days before the date of the proposed disclosure.  Such request shall specifically identify the Protected Information sought to be disclosed including the Bates number of the document(s), and the name, title and function of the person to whom disclosure is desired to be made and who shall have complied with the provisions in paragraph 8 including the completion of Exhibit A. The Designating Party shall thereafter respond to the request in writing within seven (7) business days after receipt of same.  Absent good cause shown, a failure to respond within such time shall constitute consent to the request.  If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution upon motion by the party seeking disclosure.  Disclosure shall be postponed until a ruling has been obtained from the Court.

22.     Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have

the burden of proving that the information at issue is entitled to the protection of this Protective Order.

23.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all parties who have received information under this Protective Order, after the conclusion of this action, including all appeals, unless the parties agree otherwise in writing.  Any and all original and copies of Discovery Material designated as Protected Information shall, at the request of the producing party, be returned to the party within sixty (60) calendar days after a final judgment herein or settlement of this action, or, at the option of the producing party or the receiving party, destroyed in that time frame, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, written discovery responses served on the parties, each deposition transcript, together with the exhibits marked at the deposition, the trial transcript together with trial exhibits, and documents constituting work product which were internally generated based upon or which include Protected Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Protected Information to another party absent subpoena or court order.  Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Designating Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the producing or receiving party, the other party or its outside counsel shall certify, in writing, that all such documents have been returned or destroyed, as the case may be.

24.    This Order is not intended to deal with any discovery objections on the grounds of attorney-client privilege or work product immunity or to preclude any party from seeking relief

either from a provision of this Order or any other relief from this Court which may be appropriate under the Federal Rules of Civil Procedure.   The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege or protection including, but not limited to, the attorney-client privilege, the protection afforded to work-product materials or the subject matter thereof, or the confidential nature of any such information, provided that the Designating Party shall immediately notify Receiving Party, in writing, when inadvertent production is discovered. If notification is made reasonably promptly after discovery of the inadvertent production, then the Receiving Party shall, upon request, (i) return or destroy all such inadvertently produced documents and all copies thereof, or (ii) place all such inadvertently produced documents and all copies thereof in a sealed envelope and move the Court for an Order on this issue.   Counsel for the Receiving Party shall not use such information for any purpose until further Order of the Court.   Any analyses, memoranda or notes which are internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.

25.     Any party to this Protective Order may move the Court for relief deemed appropriate based upon a violation of the terms of this Protective Order.

26.     Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it has been "So Ordered".

27.     Third parties who produce information in this action may avail themselves of the provisions of this Protective Order, and Discovery Material produced by third parties shall be

treated by the parties in conformance with this Protective Order. As necessary or appropriate, a party may request that a non-party execute Exhibit A to this Protective Order.

28.     Any Protected Information filed with the Court pursuant to Paragraph 19 shall remain under seal until further Order of the Court.

29.     In the event that anyone shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order.  The parties and any other persons subject to the terms of this Order agree that the Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

29.     The Court retains jurisdiction over the parties after the dismissal of this action regarding any dispute concerning the improper use of information disclosed under protection of this Protective Order.

Signed this *11th* day of _June_____, 2008.

_____
Lee Rosenthal
United States District Judge

AGREED AS TO FORM:

___/s/ Gregory M. Luck_____          ___/s/ James D. Petruzzi_____
Gregory M. Luck                             James D. Petruzzi

DUANE MORRIS LLP                            MASON PETRUZZI
Attorney for Amazing Spaces, Inc.           Attorney for Metro Mini Storage


___/s/ Thad K. Jenks_____
Thad K. Jenks

HARRISON, BETTIS, STAFF, MCFARLAND & WEEMS, LLP
Attorney for Landmark Interest Corporation

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **AMAZING SPACES, INC.** | § § § | |
| Plaintiff, | § § | **CASE NO.** 4:08-cv-00629 |
| v. | § § | |
| **METRO MINI STORAGE AND** | § | |
| **LANDMARK INTEREST CORPORATION** | § § | |
| Defendants. | § § | **JURY TRIAL DEMANDED** |

I, _____, declare under the penalty of perjury, that:

(a)     My present residential address is _____;

(b)     My present employer is _____

and the address of my present employer is _____

_____;

(c)     My present occupation or job description is _____;

(d)     I have received and carefully read the Protective Order dated _____,

and understand its provisions.

(e)     I have been designated as a Qualified Person to review the following:

_____     "ATTORNEYS' EYES ONLY" information;

_____     "CONFIDENTIAL" information.

Specifically, I understand that I am obligated, under the Order of the Court, to hold in confidence and not to disclose the contents of anything marked "ATTORNEY'S EYES ONLY" or "CONFIDENTIAL", except as permitted under the terms of this Protective Order. I will use the Confidential Information and Attorney's Eyes Only Information solely for purposes relating to the above-captioned litigation. I will never use said information, directly or indirectly, in

competition with the disclosing party nor will I permit others to do so.  In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

(f)       At the termination of this action or at any time requested by counsel, I will return to counsel for the party by whom I am employed, all documents and other materials, including notes, computer data, summaries, abstracts, or any other materials containing or reflecting Confidential or Attorney's Eyes Only Information, which have come into my possession, and will return all documents or things I have prepared relating to or reflecting such information.

(g)       I understand that I am subject to the jurisdiction of this Court for the purposes of enforcing this Order, and I further understand that if I violate the provisions of the Protective Order, I will be in violation of a Court Order and subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

I declare under the penalty of perjury of the laws of the United States that the foregoing is true and correct.


Date:_____                    _____

                                         Printed:_____

                                         Declarant: