**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMAZING SPACES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0629 |
| | § | |
| | § | |
| METRO MINI STORAGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Amazing Spaces, Inc., has moved for dismissal with prejudice of its trade dress, copyright, and dilution claims that were remanded after the appellate court affirmed this court's grant of summary judgment on the trademark claims. This court granted summary judgment that the star logo registered by Amazing Spaces and used on its storage facilities was not entitled to trademark protection. The Fifth Circuit affirmed this ruling and remanded for resolution of the additional claims. In remanding, the Fifth Circuit specifically noted that this court was "free to consider" the request by the defendants and counterplaintiffs, Metro Mini Storage and Landmark Interest Corporation, for cancellation of the Amazing Spaces star logo trademark.

Amazing Spaces has moved to dismiss, with prejudice, its remaining claims under Rule 41(a)(2) of the Federal Rules of Civil Procedure, which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Amazing Spaces also asks this court to dismiss with prejudice the affirmative counterclaims asserting that the trademark was fraudulently obtained. Metro and Landmark do not oppose dismissal of both the

remaining claims and the affirmative counterclaims, with prejudice, but ask for attorneys' fees and costs expended in the litigation, including the appeal. Metro and Landmark assert that this is an exceptional case justifying fees under the Lanham Act, 15 U.S.C. § 1117(a), and that Amazing Spaces pursued the litigation in bad faith. Metro and Landmark reassert their motion for cancellation of the trademark. Amazing Spaces moved to strike portions of the response to the motion to dismiss, (Docket Entry No. 87), arguing that the request for fees was improper as a condition on, or a response to, a plaintiff's motion to dismiss with prejudice under Rule 41(a)(2). Amazing Spaces did not address the merits of the fee request other than to acknowledge that it could be appropriate as a separate motion. Metro and Landmark have responded. (Docket Entry No. 88). Amazing Spaces also continued to argue that Metro and Landmark could not seek cancellation of the trademark because of the procedural posture of the case. For the reasons explained below, this court concludes that Amazing Spaces is incorrect in both its arguments and denies its motion to strike. Amazing Spaces must file a substantive response to the motion for fees no later than September 3, 2010. The request for cancellation of the trademark is granted.

**I.      Attorneys' Fees**

Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music, Inc. v. Universal-MCA Music Publ'g, Inc.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting FED. R. CIV. P. 41(a)(2)). When plaintiffs move to dismiss voluntarily without prejudice pursuant to Rule 41(a)(2), courts commonly award costs and attorneys' fees to defendants. *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *2 (6th Cir. July 22, 1992) (citing *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965)). On the other hand, attorneys' fees and expenses are generally

not awarded when plaintiffs move to voluntarily dismiss with prejudice. *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007), *aff'd*, 277 F. App'x 530 (6th Cir. 2008). Many courts have acknowledged, however, that costs or attorneys' fees may be appropriate pursuant to some independent statutory authority. *Id.* at 852–53. Other courts have found that exceptional circumstances may justify an award of costs. *Id.* at 853. The Lanham Act provides a basis for awarding fees if the court finds that a defendant has prevailed in an exceptional case. 15 U.S.C. § 1117(a); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004). This case is within the category of cases in which attorneys' fees may be appropriate despite the plaintiff's motion for dismissal with prejudice under Rule 41(a)(2).

The motion to strike by Amazing Spaces is denied. The motion for fees is presented in a filing that includes three separate pleadings: the response to the motion to dismiss, the motion for attorneys' fees, and the motion to cancel the trademark registration. Amazing Spaces asks this court to strike the fee request because it is a response to the motion to dismiss and not a separate motion, but it is clearly both. Moreover, as noted above, this case falls within the exception to the general rule that fees are not imposed when a plaintiff voluntarily seeks dismissal with prejudice. The fee request is properly analyzed both as a condition on dismissal and as a separate ground for relief.

Amazing Spaces must file a response to the merits of the fee request no later than September 3, 2010.

## II.     The Motion to Cancel the Trademark Registration

Metro and Landmark have also moved for an order canceling the Amazing Spaces registered mark under 15 U.S.C. § 1119, which states:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation of registrations, in whole

> or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action. Decrees and orders shall be certified by the court to the Director [of the PTO], who shall make appropriate entry upon the records of the Patent and Trademark Office, and shall be controlled thereby.

15 U.S.C. § 1119.  Metro and Landmark counterclaimed for an order canceling the registration of the star logo trademark.  A request for cancellation pursuant to § 1119 ordinarily is made as a counterclaim in an infringement action.  *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320, 1325 (Fed. Cir. 2008) ("[Section 1119] allows a trademark infringement defendant to assert a counterclaim to cancel the registration . . . ."); *Eagles, Ltd. v. Am. Eagle Found.*, 356 F.3d 724, 730–31 (6th Cir. 2004) (holding that because the defendant "failed to raise the [§ 1119] argument as a counterclaim to the infringement action," the question whether relief should be granted was "not properly before the district court"); 5 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 30:109 (4th ed. Westlaw 2010) (noting that a "defendant charged with infringement of a registered mark may counterclaim for cancellation of that registration" under § 1119).

Amazing Spaces does not respond to the request for cancellation on the merits.  Instead, Amazing Spaces argues that the counterclaim was dismissed and no appeal from the dismissal was taken.  To the extent Amazing Spaces argues that this court lacks authority to rule on the counterclaim, that argument is unpersuasive.  As noted, the appellate court specifically included in the remand the counterclaim for cancellation.  To avoid any confusion, this court formally reopens the judgment consistent with the remand and mandate of the Fifth Circuit.  Finding that all the requirements for cancellation have been met, this court orders that Federal Registration Number 2,859,845 is cancelled and directs the Clerk of Court to provide a certified copy of the order of

cancellation to the Director of the U.S. Patent and Trademark Office under 15 U.S.C. § 1119 for appropriate cancellation action.

**III.     Conclusion**

The motion to strike filed by Amazing Spaces is denied. Amazing Spaces must file its response to the request for attorneys' fees no later than September 3, 2010. The motion to cancel the trademark registration is granted. An order of cancellation is separately entered.

SIGNED on August 17, 2010, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge