**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| AMAZING SPACES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-0629 |
| | § | |
| | § | |
| METRO MINI STORAGE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, Amazing Spaces, Inc., sued the defendants and counter-plaintiffs, Metro Mini Storage and Landmark Interest Corporation, alleging trademark, trade dress, and copyright infringement and dilution of a design consisting of a raised five-pointed star set in a circle, the "Star Symbol." Amazing Spaces registered the design as a service mark with the United States Patent Office and uses it on self-storage facilities that it operates in the Houston, Texas area. Metro is also in the self-storage business and uses a similar star-in-a-circle design. Landmark has built facilities for Amazing Spaces using the Star Symbol and for Metro using a similar design. After discovery that was focused on whether the Star Symbol was "trademarkable," this court granted the defendants' motion for summary judgment. This court reached that result in a lengthy opinion that concluded that under the applicable law and record, the Star Symbol was not a valid service mark because it was neither inherently distinctive and had not acquired distinctiveness through a secondary meaning. *Amazing Spaces, Inc. v. Metro Mini Storage*, 665 F. Supp. 2d 727 (S.D. Tex. 2009). On appeal, the Fifth Circuit also issued a lengthy opinion, affirming the conclusion that the

Star Symbol did not warrant protection as a valid service mark. *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235–250 (5th Cir. 2010). The appellate court reversed the grant of summary judgment on trade dress and copyright and remanded for resolution of the additional claims. *Id.* at 250–52. In remanding, the Fifth Circuit noted that this court was "free to consider" the defendants' request for cancellation of the Amazing Spaces Star Symbol trademark. *Id.* at 250.

On remand, Amazing Spaces moved to dismiss, with prejudice, its remaining claims, as well as the affirmative counterclaims asserting that the trademark was fraudulently obtained under Rule 41(a)(2) of the Federal Rules of Civil procedure. (Docket Entry No. 85). Metro and Landmark did not oppose dismissal of both the remaining claims and the affirmative counterclaims, with prejudice, but asked for attorneys' fees and costs expended in the litigation, including the appeal, on the basis that Amazing Spaces pursued the litigation in bad faith. (Docket Entry No. 86). Amazing Spaces responded that it had a legitimate, good-faith basis for filing and pursuing the case and that the defendants have failed to make the showing necessary for a fee award under either the Lanham Act, 15 U.S.C. § 1117(a), or 28 U.S.C. § 1927. (Docket Entry No. 91). Metro and Landmark filed a reply. (Docket Entry No. 92). Metro and Landmark have also reasserted their motion for cancellation of the trademark, which this court granted. (Docket Entry No. 90).

For the reasons explained below, based on a careful analysis of the record and the applicable law, this court concludes that Metro and Landmark have failed to meet their burden of showing that Amazing Spaces should be required to pay the attorneys' fees incurred in this case. Their motion for attorneys' fees is denied. The motion to dismiss is granted, with prejudice. Final judgment is entered by separate order.

**I.      Rule 41(a)(2)**

Rule 41(a)(2) is "a discretionary procedural rule that explicitly allows a district court to impose terms and conditions upon a voluntary dismissal 'as the court deems proper.'" *Bridgeport Music v. Universal-MCA Music Publ.*, 481 F.3d 926, 931 (6th Cir. 2007) (quoting FED. RULE CIV. P. 41(a)(2)).  When plaintiffs move to dismiss voluntarily without prejudice under Rule 41(a)(2), courts commonly award costs and attorneys' fees to defendants. *Mort. Guar. Ins. Corp v. Richard Carylon Co.*, 904 F.2d 298, 300 (5th Cir. 1990) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 603 (5th Cir. 1976)); *Spar Gas, Inc. v. AP Propane, Inc.*, 972 F.2d 348, 1992 WL 172129, at *3 (6th Cir. July 22, 1992) (unpublished)  (citing *Smoot v. Fox*, 353 F.2d 830 (6th Cir. 1965)).  On the other hand, attorneys' fees and expenses are generally not awarded where plaintiffs move to voluntarily dismiss *with* prejudice. *Degussa Admixtures, Inc. v. Burnett*, 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) (citing cases); 9 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2366, at 536–38 (3d ed. 2008) ("Many courts have held that if the dismissal is with prejudice, the court lacks the power to require the payment of attorney's fees, unless the case is of a kind in which attorney's fees otherwise might be ordered after termination on the merits. . . . [T]he purpose of such awards is generally to reimburse the defendant for the litigation costs incurred in view of the risk that the same suit will be refiled and will impose duplicative expenses upon the defendant . . . .").  Many courts have acknowledged, however, that attorneys' fees may be appropriate under some independent statutory authority.   *Degussa*, 471 F. Supp. 2d at 852–53 (citing cases); WRIGHT & MILLER § 2366, at 540 (citing cases).  Other courts have found that exceptional circumstances may justify an award of costs.  *Degussa*, 471 F. Supp. 2d at 853 (citing cases); WRIGHT & MILLER § 2366, at 539 (citing cases).

The Lanham Act provides that "[t]he court in exceptional cases may award reasonable

attorney's fees to the prevailing party." 15 U.S.C. § 1117(a). The prevailing party must demonstrate the exceptional nature of the case by clear and convincing evidence. *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 65 (5th Cir. 1992); *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 490 (5th Cir. 2004). A district court may also shift reasonable fees to "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Both § 1117(a) and § 1927 are analyzed below to determine whether they make attorneys' fees appropriate in this case despite the plaintiff's motion for dismissal with prejudice under Rule 41(a)(2).

## II.     Section 1117(a) of the Lanham Act

### A.     The Legal Standard

In *Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519 (5th Cir. 2002), the Fifth Circuit noted that most of the § 1117(a) cases involving fee awards were cases in which the plaintiff had prevailed. Because the court had rarely interpreted the requirements for a prevailing defendant to recover fees under § 1117(a), the court reviewed the relevant legal principles:

> Courts permit prevailing plaintiffs to recover attorneys' fees under § 1117(a) if the defendant maliciously, fraudulently, deliberately, or wilfully infringes the plaintiff's mark. *Tex. Pig Stands, Inc. v. Hard Rock Café Int'l, Inc.*, 951 F.2d 684, 696–97 (5th Cir. 1992). The prevailing plaintiff must show "a high degree of culpability" by the defendant. *Id.* at 697. We have used "bad faith" as a short-hand for conducting this inquiry, *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 556 (5th Cir. 1998), but we also have instructed district courts to consider all the facts and circumstances to determine whether a case is exceptional, *id.* at 555.
>
> We have not articulated a very precise standard for determining when to award a prevailing defendant attorneys' fees. In *Fuji Photo Film Co., Inc. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 601–02 (5th Cir. 1985), we affirmed the refusal to

4

grant fees based on a finding that the plaintiff had brought the action in good faith, but we did not address the role of the objective merits of the plaintiff's suit in determining the existence of "exceptional" status. . . .

In the context of prevailing plaintiffs, we have considered the existence or nonexistence of reasonable legal defenses probative of good or bad faith.  The vast majority of circuits have developed a separate test for prevailing defendants under § 1117(a) and permit district courts to consider directly the objective merits of the suit. *Fuji Photo* precludes us from doing so, but district courts nonetheless should consider the merits and substance of the civil action when examining the plaintiffs' good or bad faith.

280 F.3d at 527–528.[1]

In the Fifth Circuit, under § 1117(a), to recover attorneys' fees, "[t]he prevailing party must demonstrate the exceptional nature of the case by clear and convincing evidence.'" *Id.* at 527.  To demonstrate that a case is exceptional, a prevailing  defendant must show that the plaintiff brought

---

[1]  In *Proctor & Gamble*, the court noted that the Second Circuit has endorsed *Fuji Photo*'s holding that to recover fees against an unsuccessful plaintiff under § 1117(a), the defendant must prove the plaintiff brought the action in bad faith. 280 F.3d at 527 n.12.  *See Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 194–95 (2d Cir.1996) (affirming denial of fee award because the defendant had failed to show the action was brought in bad faith). The Fourth, Seventh, Eighth, Ninth, Tenth, and District of Columbia Circuits have adopted a different approach.  *See, e.g., Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.*, 205 F.3d 137, 144 (4th Cir. 2000) (describing an open-ended, multifactor test for determining when prevailing defendants should recover fees); *Nat'l Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues, Inc.*, 223 F.3d 1143, 1147 (10th Cir. 2000) (describing multifactor test that permits district court to consider objective and subjective reasonableness); *Door Sys. Inc. v. Pro-Line Door Sys., Inc.*, 126 F.3d 1028, 1032 (7th Cir. 1997) ("[A] suit can be oppressive because of lack of merit and cost of defending even though the plaintiff honestly though mistakenly believes that he has a good case and is not trying merely to extract a settlement based on the suit's nuisance value."); *TE-TA-MA Truth Found.-Family of URI, Inc. v. World Church of the Creator*, 392 F.3d 248, 264–265 (7th Cir. 2004) ("'Playing hard—by the rules—cannot suffice to make a case exceptional under § 1117(a).  As we have said previously and repeat here, litigation conduct must rise to the level of oppressive in order to justify declaring a case exceptional."); *Stephen W. Boney, Inc. v. Boney Services, Inc.,* 127 F.3d 821, 827 (9th Cir. 1997) (finding that exceptional circumstances other than bad faith can justify shifting fees in favor of the prevailing defendant); *Hartman v. Hallmark Cards, Inc.,* 833 F.2d 117, 123 (8th Cir. 1987) (reasoning that "the absence of bad faith is not alone determinative of the Lanham Act fee issue"); *Noxell Corp. v. Firehouse No. 1 Bar-B-Que Restaurant*, 771 F.2d 521, 526 (D.C. Cir. 1985) ("Something less than 'bad faith,' we believe, suffices to mark a case as 'exceptional.'").

the case in bad faith.  *See Robin Singh Educ. Servs. Inc. v. Excel Test Prep.*, 291 F. App'x 620, 621

(5th Cir.); *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1390 (5th Cir. 1996);  *Scott Fetzer Co.*

*v. House of Vacuums Inc.*, 381 F.3d 477, 490 (5th Cir. 2004);  *Procter & Gamble Co.*, 280 F.3d at

527–28 & n. 12; *Fuji Photo*, 754 F.2d at 601–02.  An exceptional case involves acts that can be

called "malicious," "fraudulent," "deliberate," or "willful." *Seven-Up*, 86 F.3d at 1390.

**B.**      **Analysis**

Metro and Landmark argue that bad faith is demonstrated by the following evidence:

- the "ubiquitous" nature of the raised star in a circle design in Texas;

- the use of a design similar to the Star Logo by other self-storage businesses;

- evidence that Amazing Spaces knew of such use before it registered its trademark;

- as a result, the statement by the president of Amazing Spaces to the U.S. Patent and Trademark Office that "to the best of her knowledge and belief, no other person, firm, corporation, or association has the right to use said mark in commerce, either in identical form or in such near resemblance thereto as to be likely, when applied to the goods and services of such other person, to cause confusion, or cause mistake, or to deceive" was false;

- the lack of evidence in this litigation of actual or likely confusion between other storage business using the star and Amazing Spaces;

- the claim by Amazing Spaces in this suit that the Texas Star "is inherent, it's in everything we do," but this court and the appellate court found that Amazing Spaces' marketing and advertising materials do not prominently display the star mark by

6

itself.

(Docket Entry No. 86).

In response, Amazing Spaces asserts that it pursued this action to protect and enforce its federally registered trademark against willful copying and use by the defendants on identical products and services. Amazing Spaces emphasizes that while its claim for trademark infringement was ultimately dismissed on summary judgment, nothing in the decisions of the district court or of the Fifth Circuit even remotely suggests that those claims were brought in bad faith. Amazing Spaces also asserts that the "evidence" the defendants cite is highly contested; discovery was limited on the defendants' motion to the threshold "trademarkability" issue; and there are no findings to support the contentions. Such "evidence," according to Amazing Spaces, "falls far short of Defendants' burden under Section 1117." (Docket Entry No. 91 at 6–7). This court concludes that based on the Fifth Circuit standard that requires a showing of bad faith by clear and convincing evidence, and considering the objective merits of the suit as part of the bad-faith analysis, Metro and Landmark have not met that burden.

The record showed that Amazing Spaces applied for and received U.S. Registration No. 2,859,845 for its mark. Before applying for registration, Amazing Spaces hired a lawyer and a company to investigate whether any other storage companies had registered a similar star mark. The parties dispute the extent to which a similar mark was used by other storage companies at that time. Both this court and the Fifth Circuit found substantive legal and factual issues worthy of detailed discussion in determining whether the record evidence raised a factual dispute as to whether the Star Symbol was inherently distinctive. While Metro and Landmark emphasize the language in both

7

opinions stating that the five-pointed star design is ubiquitous, particularly in Texas, there was also evidence in the record of registered marks containing five-pointed stars that had not been held invalid.  There is no clear and convincing evidence that Amazing Spaces submitted a knowingly false or willfully ignorant application to the PTO to obtain the trademark registration, as Metro and Landmark claim.

Once the mark was registered, it enjoyed a statutory presumption of validity.  Metro and Landmark have not cited, and this court has not found, any case holding that a mark holder who has not engaged in bad faith in applying for registration acts in bad faith in asserting the registration against infringers by filing suit.  "A certificate of registration of a mark upon the principal register. . . shall be prima facie evidence of the validity of the registered mark . . . ." 15 U.S.C. § 1057(b). On that basis, Amazing Spaces had at least a colorable claim for trademark infringement.  *See Nat'l Nonwovens, Inc. v. Consumer Prods. Enters.*, 397 F. Supp. 2d 245, 259–60 (D. Mass. 2005) (the fact that the defendant prevailed on all counts was insufficient to make the case exceptional because the plaintiff's "ownership of two registered trademarks suggested that, at a minimum, the plaintiff had a colorable claim for a trademark violation").  There was no dispute that Metro adopted the same mark that Amazing Spaces used before this suit was filed and continued to use the mark during the litigation.  On this record, it cannot be said that Amazing Spaces brought meritless, groundless, or unreasonable claims against the defendants.  *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 973 (9th Cir. 2007) (attorneys' fees were not warranted because there was no "compelling proof" that the vendor acted capriciously or pursued litigation to harass, or that the vendor intended to bring meritless or unreasonable litigation).

Nor does the record justify a finding that Amazing Spaces acted in bad faith in pursuing the

8

litigation by resisting summary judgment and appealing its grant. Amazing Spaces correctly points out that both this court and the Fifth Circuit found the familiar test for inherent distinctiveness under *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2d Cir. 1976), insufficient in this case, which involved the "nonword designation of a shape, symbol, or graphic design. The Fifth Circuit approved of this court's decision not to apply the *Abercrombie* test and instead to use the test under *Seabrook Foods, Inc. v. Bar-Well Foods Ltd.*, 568 F.2d 1342 (C.C.P.A. 1978), which applies to marks consisting of symbols and designs. Under this analysis, the record showed that the Star Symbol was a commonly adopted and well-known form of ornamentation that did not serve to identify a particular source. For present purposes, the relevant point is that the legal analysis was neither obvious nor straightforward when applied to the facts in the record. That is inconsistent with characterizing the initiation or continuation of this lawsuit as evidencing bad faith. Metro and Landmark have not met their burden of showing by clear and convincing evidence that they are entitled to fees under § 1117 of the Lanham Act.

## III.    Section 1927

### A.    The Legal Standard

A district court may shift reasonable fees to "[a]ny attorney . . . who . . . multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. These sanctions are imposed only on offending attorneys — clients may not be ordered to pay such awards. *Procter & Gamble Co.*, 280 F.3d at 525; *see also Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 38 F.3d 1414, 1416 (5th Cir. 1994). To impose sanctions against an attorney, the district court must find that the sanctioned attorney multiplied the proceedings both "unreasonably" and "vexatiously."

*Procter & Gamble Co.*, 280 F.3d at 525.  This requires "evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court." *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998).  Section 1927 only authorizes shifting fees that are associated with "the persistent prosecution of a meritless claim." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988)).  "[S]anctions may not be imposed for mere negligence on the part of counsel." *Baulch v. Johns*, 70 F.3d 813, 817 (5th Cir. 1995).  Because of the punitive nature of § 1927, it is strictly construed.  *See id.*  "To shift the entire cost of defense, the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, . . .  and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pre-trial motions, and trial . . . ." *Procter & Gamble Co.*, 280 F.3d at 526 (citations omitted); *Vanderhoff v. Pacheco*,  344 F. App'x 22, 27 (5th Cir. 2009) (summary calendar) (unpublished).  Section 1927, unlike Rule 11, is not about mere negligence.  *See Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).  Rule 11, with its lower standard of culpability that permits sanctions for failure to conduct a reasonable inquiry, provides a "safe harbor" during which an attorney may correct his actions by withdrawing or correcting the challenged paper, claim, defense, contention or denial.  *See* FED. R. CIV. P. 11(c)(2).  Rule 11's "safe harbor" is to allow an attorney who is mistaken about the merits of his claim to withdraw it.  Section 1927, by contrast, is about the intentionally wrongful or reckless counsel, not the one who is merely negligent or lacking in diligence.  *Vanderhoff*, 344 F. App'x at 28.

**B.    Analysis**

For the reasons explained above, the record does not show that counsel for Amazing Spaces

was intentionally wrongful or reckless in filing or pursuing this case.  The motion for fees under § 1927 is also denied.

## IV.      Conclusion

The motion filed by Amazing Spaces to dismiss under Rule 41, (Docket Entry No. 85), is granted.  The motion for attorneys' fees, (Docket Entry No. 86), is denied.  The fact that Amazing Spaces's trademark infringement claim was found not meritorious does not mean that it was brought or pursued in bad faith and Metro and Landmark have failed to make such a showing.  Final judgment is entered by separate order.

SIGNED on January 4, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge